**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Kyle M. MINNICH, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 29, 2004.

Filed May 9, 2005.

Jeffrey C. Marshall, York, for appellant.

Scott A. McCabe, Asst. Dist. Atty., York, for the Com., appellee.

Before: KLEIN, McCAFFERY, and MONTEMURO *, JJ.

McCAFFERY, J.:

¶ 1 In this appeal, Appellant, Kyle M. Minnich, challenges his judgment of sentence imposed by the Honorable John H. Chronister of the Court of Common Pleas of York County following his conviction of the summary offense of driving while under suspension for a prior conviction of driving under the influence of alcohol.[1] Specifically, Appellant asks us to decide whether the trial court erred in denying his motion to suppress evidence recovered after a traffic stop in York County, Pennsylvania. The trial court, sitting as a suppression court, found that the police officer's testimony describing his observations of how Appellant's driving risked causing an accident was sufficient to justify the stop. We hold that the trial court proper-

---

* Retired Justice assigned to Superior Court.

1. 75 Pa.C.S.A. § 1543(b).

ly denied Appellant's motion to suppress, and, accordingly, we affirm the judgment of sentence.

¶ 2 The charge against Appellant resulted from a traffic stop initiated by York Area Regional Police Department Officer Ray Krzywulak just before midnight on December 15, 2003, when the officer was on patrol southbound on Springwood Road in York Township, Pennsylvania. The officer observed Appellant driving northbound on Springwood Road around a curve, and watched as he crested a hill. When Officer Krzywulak made a traffic stop of Appellant, he discovered that Appellant had a suspended driver's license.

¶ 3 Following a stipulated trial on February 17, 2004, in the District Court of Dallastown, Appellant was found guilty and sentenced. On March 9, 2004, Appellant filed an appeal with the Court of Common Pleas of York County. At the hearing thereon, Appellant filed a motion to suppress the evidence obtained after the stop of Appellant's vehicle on the basis that the stop was improper. Judge Chronister denied Appellant's motion, and at the conclusion of the hearing, upheld the district court decision, finding Appellant guilty of driving while under suspension for a prior conviction of driving under the influence of alcohol. Judge Chronister sentenced Appellant to ninety (90) days' incarceration and imposed a $1,000 fine.

¶ 4 On appeal, Appellant presents the following issue for our consideration:

WHETHER THE TRIAL COURT ERRED IN FINDING THAT THE ARRESTING OFFICER ARTICULATED SUFFICIENT PROBABLE CAUSE AND/OR REASONABLE SUSPICION TO STOP THE VEHICLE BEING OPERATED BY APPELLANT.

(Appellant's Brief at 4).

¶ 5 Appellant contends that the trial court erred in denying his motion to suppress. In support thereof, Appellant suggests that a close review of the officer's testimony reveals that he made no observation to support the allegation that Appellant was driving too fast for conditions or that there was any real danger or risk of causing an accident, reasons relied upon by the trial court in arriving at its decision to convict.

(*Id.* at 10).

¶ 6 As a prefatory matter, we are mindful of the following:

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Blair,* 860 A.2d 567, 571 (Pa.Super.2004) (quoting *Commonwealth v. Bomar,* 573 Pa. 426, 445, 826 A.2d 831, 842 (2003), *cert. denied,* 540 U.S. 1115, 124 S.Ct. 1053, 157 L.Ed.2d 906 (2004)).

¶ 7 The question before us is whether the facts articulated by Officer Krzywulak were sufficient to establish probable cause justifying his stop of Appellant. In order for a traffic stop to be justified, a police officer must have probable cause to believe that a violation of the Motor Vehicle Code or regulations has taken place. *Commonwealth v. Gleason,* 567

Pa. 111, 122, 785 A.2d 983, 989 (2001). Indeed, the suppression court properly concluded that the controlling issue was whether Officer Krzywulak had probable cause to stop Appellant for violating Section 3361 of the Vehicle Code, "Driving vehicle at safe speed." This section provides, in relevant part, that no one "shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead." 75 Pa. C.S.A. § 3361.

¶ 8 At the suppression hearing, Officer Krzywulak testified that he stopped Appellant's vehicle after he observed Appellant taking a sharp bend at a very high rate of speed on an icy roadway. (Notes of Testimony ("N.T.") Suppression Hearing, 5/26/04, at 3).[2] Officer Krzywulak could not confirm whether there was other traffic on the road at the time in question. (Id. at 4). He further testified that Appellant "was kind of hugging the east part of the shoulder" of the road, and "if somebody would have been coming out of Camp Betty Washington Road [onto] Springwood [Road] or if I happened to be a few feet over a little more, there could have been an accident." (Id.)

¶ 9 The suppression court found the stop to be justified based on Officer Krzywulak's testimony showing a risk of causing an accident because Appellant sped around a curve and, in so doing, did not have a clear view of what lay ahead. (Trial Court Opinion, dated July 27, 2004, at 1). The court noted:

[T]he officer's stop was not based solely on his perception that [Appellant] was traveling at a high rate of speed. The officer based the stop on the additional observations that [Appellant] was going around a sharp bend in the road in a manner which made his driving a danger to oncoming traffic. The vehicle was operated in a manner that it was partially outside its normal lane of travel, creating a likelihood of a collision with oncoming traffic around a blind curve. Further, this occurred near an intersection in a highly traveled area, thereby making the possibility of an accident more likely. The officer's additional observations regarding the danger to the traveling public created by [Appellant's] action plus his perception that [Appellant] was traveling at a high rate of speed does justify a traffic stop.

(Id. at 2).

¶ 10 In Gleason, supra, our Supreme Court held that an officer who observed a vehicle crossing the berm line of an empty road by six to eight inches on two occasions each for one to two seconds over a distance of a quarter mile did not possess the requisite probable cause to justify a stop of the vehicle. Gleason, 567 Pa. at 112, 785 A.2d at 983. We recognize that deciding a matter under the standard established in Gleason is not always an easy task and, since its publication, "this Court has struggled to apply [Gleason's] holding to the myriad fact patterns that come before us in the context of traffic stops." Commonwealth v. Garcia, 859 A.2d 820, 822 (Pa.Super.2004). In a pre-Gleason case,[3] a panel of this court considered the

---

2. Officer Krzywulak testified on direct examination that he noted on the bottom of the citation that he observed icy road conditions and a sharp curve; on cross examination, Officer Krzywulak stated that he could not recall the condition of the roadway on the night in question but that he saw a lot of dust and cinders flying up behind Appellant's vehicle. (N.T. at 4–5).

3. Commonwealth v. Hoke, 223 Pa.Super. 319, 298 A.2d 913 (1972).

burden of proof necessary in a prosecution for "operating a motor vehicle at a speed too fast for conditions in violation of Section 1002, Subsection (a) of Article 10 of the Pennsylvania Motor Vehicle Code." [4] *Id.* at 914. The *Hoke* court held that to

> sustain a conviction under Section 1002, ... it is not necessary to allege or prove any specific speed at which defendant was driving. Whether one is driving too fast for conditions is a relative matter, dependent not on any specific speed but on all the existing circumstances, which circumstances are for the fact finder to consider in determining whether or not defendant is guilty as charged.

*Id.* at 915.

¶ 11 In a more recent case that addressed the current statute, Section 3361, the Commonwealth did not offer proof of actual or estimated speed, but a police officer testified to observing the defendant-driver "traveling at an extreme rate of speed." *Commonwealth v. Heberling,* 451 Pa.Super. 119, 678 A.2d 794 (1996). In response to a claim that the evidence was insufficient to support the conviction, the panel reiterated that the actual speed is irrelevant to a Section 3361 inquiry. Rather, the focus is on the surrounding circumstances, including "the amount of traffic, pedestrian travel and weather conditions, ... the nature of the roadway itself (e.g., whether four-lane, interstate, or rural; flat and wide, or narrow and winding over hilly terrain; smooth-surfaced, or full of potholes; clear, or under construction with abrupt lane shifts.)" *Id.* at 796. Based on the police officer's testimony that the defendant was approaching an intersection and a hill crest at an extreme rate of speed, we upheld the trial court's judgment of sentence, even though weather conditions were clear and normal and no other traffic was affected nor were any pedestrians at risk. *See id.* at 795, 797.

¶ 12 Similarly, in *Commonwealth v. Johnson,* 846 A.2d 161 (Pa.Super.2004), there was no evidence presented of a precise speed. Nevertheless, we concluded that the defendant operated his vehicle at an unsafe speed based on "the evidence adduced at the scene of the accident, including the fact that the victim was struck with great force" and that the road in question was unlit and had a curved, ascending grade leading to the crest of a hill. *Id.* at 165–66.

¶ 13 In *Commonwealth v. Butler,* 856 A.2d 131 (Pa.Super.2004), we determined that an officer did have probable cause to stop a defendant's vehicle for violating the Vehicle Code based on the reasonable belief that the vehicle was being operated in a careless and erratic manner at a high rate of speed, stating in part:

> Butler was traveling down a populated street in the City of Philadelphia at 1:00 in the morning in excess of the posted speed limit, weaving in and out of traffic. Butler even traversed onto the concrete median separating the roadway. It took Sergeant Perry about six or seven blocks to initially catch up with Butler's vehicle after which Butler made a right turn onto Reese Street.... The initial stop was therefore justified.

*Id.* at 135.

¶ 14 Appellant relies on *Commonwealth v. McCandless,* 538 Pa. 286, 648 A.2d 309 (1994), to argue that mere estimating of speed by Officer Krzywulak is not sufficient probable cause for him to have stopped Appellant's vehicle. In *McCandless,* our Supreme Court declared that an officer's testimony that a vehicle was moving faster than others that he observed on the same night is, without more, too indefinite to supply probable cause for a stop. *McCandless,* 538 Pa. at 289, 648 A.2d at 311. The Supreme Court noted:

---

4. Section 1002(a) was the predecessor of Section 3361.

The officer himself testified that he was unable to give any estimate whatsoever of that speed, and that nothing erratic had been observed with regard to the manner in which the vehicle was being operated. He also testified that he initially had only a reasonable suspicion that the vehicle was speeding, and that he decided to follow it to determine whether, in fact, it was speeding.

*Id.* at 290, 648 A.2d at 311.

¶ 15 In the case *sub judice,* under *Gleason,* Appellant's single act of "hugging the east part of the shoulder" of the road did not provide a sufficient basis for Officer Krzywulak to stop him. The question remains, then, whether the act of speeding, at the approach to an intersection, when the speed is estimated by the observing officer, with no other traffic in the area, when the officer observes "a lot of dust and cinders" blowing up from the icy roadway as the vehicle comes around a sharp curve as it crests a hill, establishes a violation of the driving-vehicle-at-safe-speed statute, Section 3361. We have carefully reviewed the record and conclude that the suppression court's factual findings of the surrounding circumstances are sufficient for the trier of fact to have concluded beyond a reasonable doubt that Appellant was operating his vehicle at an unsafe speed. (*See* N.T. at 3–7). Accordingly, we conclude that the stop of Appellant's vehicle was lawful, and the trial court properly denied Appellant's motion to suppress. As this was the only evidence against Appellant, based on a stipulation of the parties that the trial court could rely on the officer's testimony to determine Appellant's guilt or innocence, we affirm Appellant's judgment of sentence.

¶ 16 Judgment of sentence affirmed.