**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Thomas A. PERRY, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted May 18, 2009.

Filed Oct. 6, 2009.

---

Christopher J. Coyle, Lebanon, for appellant.

Nichole L. Eisenhart, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

BEFORE: ORIE MELVIN,
COLVILLE *, and FITZGERALD,** JJ.

OPINION BY FITZGERALD, J.:

¶ 1 Appellant, Thomas A. Perry, Jr., appeals from the judgment of sentence entered in the Lebanon County Court of Common Pleas, following his convictions

for driving under the influence[1] and driving vehicle at safe speed.[2] We hold that this Court's decision in *Commonwealth v. Minnich*, 874 A.2d 1234 (Pa.Super.2005), finding that **potential** danger of causing an accident is sufficient to establish probable cause to initiate a traffic stop, applies in full to the current reasonable-suspicion standard. Accordingly, we affirm.

¶ 2 The trial court adequately stated the facts:

At 6:26 p.m. on December 5, 2007, [Appellant's] vehicle, a green Ford Escort, caught the attention of Officer Guy Robinson of the Annville Township Police Department. Officer Robinson was driving a marked patrol car and was stopped behind [Appellant] at the intersection of State Route 934 and State Route 422. [Appellant's] vehicle caught the officer's attention when it took off "at a high rate of speed" as soon as the light turned green. To investigate the situation. Officer Robinson followed [Appellant] and noted that he had to travel at a speed of 40 miles per hour in order to catch up to [Appellant]. While pursuing [Appellant], Officer Robinson noticed that [Appellant] did not yield to a pedestrian at the crosswalk of North King Street by slowing down or stopping.

Officer Robinson finally caught up with [Appellant] at Lancaster Street which has the posted speed limit of 25 miles per hour. Officer Robinson pursued [Appellant] from Lancaster Street to Cherry Street monitoring his speed at 40 miles per hour in a 25–mile–per–hour zone. After following [Appellant] for approximately four blocks, the officer

---

* Retired Senior Judge assigned to the Superior Court.
** Former Justice specially assigned to the Superior Court.

1. 75 Pa.C.S. § 3802(b).

2. 75 Pa.C.S. § 3361.

conducted a traffic stop just east of Cherry Street. On the day of the stop, the weather conditions were snowy, and, at the time of the stop, the roadways were wet and slushy.

All of the above occurred on one of the main streets of Annville. Annville is a small college town that has an abundance of student housing, businesses, and foot traffic.

On December 11, 2007, [Appellant] was charged with two counts of Driving [U]nder the Influence[3] and the summary violation of Driving Vehicle at Safe Speeds. On March 25, 2008, [Appellant] filed a Motion to Suppress the evidence obtained during the vehicle stop, alleging the vehicle stop was not supported by reasonable suspicion. On April 16, 2008, we denied the Motion to Suppress and directed that the charges proceed to trial. On June 16, 2008, [Appellant] was convicted of one count of Driving Under the Influence and of the summary offense of Driving Vehicle at Safe Speeds. On August 13, 2008, [Appellant] was sentenced to [thirty days] to six months in Jail.[4] He filed the post-sentence motion now before us. The sole issue presented for our review is whether we erred in refusing to suppress the evidence obtained from the vehicle stop on the ground that the vehicle stop was not supported by reasonable suspicion.

Trial Ct. Op. at 2–3.

¶ 3 On appeal, Appellant argues that Officer Robinson did not have reasonable suspicion to believe that Appellant had committed or was committing a crime. Appellant's Brief at 8. Appellant contends that even if he was speeding, there was not

sufficient evidence to prove that his speed was unreasonable or imprudent. *See* Appellant's Brief at 10 (citing *Commonwealth v. Heberling,* 451 Pa.Super. 119, 678 A.2d 794, 795 (1996) ("[S]peeding alone does not constitute a violation of [75 Pa.C.S. § 3361]")). He therefore concludes the traffic stop was illegal and the evidence obtained as a result should have been suppressed. We disagree.

¶ 4 Our standard of review for suppression rulings is well-established:

> We determine whether the court's factual findings are supported by the record and whether the legal conclusions drawn from them are correct. Where, as here, it is the defendant who is appealing the ruling of the suppression court, we consider only the evidence of the prosecution and so much of the evidence for the defense which remains uncontradicted when fairly read in the context of the whole record. If, upon our review, we conclude that the record supports the factual findings of the suppression court, we are bound by those facts, and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Crork,* 966 A.2d 585, 586–87 (Pa.Super.2009). In order to conduct a traffic stop under the Vehicle Code, an officer must have reasonable suspicion that a violation of the Code has occurred. *See generally* 75 Pa.C.S. § 6308(b); *Commonwealth v. Chase,* 599 Pa. 80, 102–03, 960 A.2d 108, 120–21 (2008) (holding that reasonable suspicion standard is constitutional). "To meet the standard of reasonable suspicion, the officer must point to specific and articulable facts which, together with the rational inferences therefrom,

---

**3.** 75 Pa.C.S. § 3802(a)(1) and 75 Pa.C.S. § 3802(b).

**4.** The trial court opinion states that Appellant's minimum sentence was three months in

jail. Trial Ct. Op. at 3. The certified record reflects that the minimum sentence was thirty days in jail.

reasonably warrant the intrusion." *Commonwealth v. Smith*, 904 A.2d 30, 35 (Pa.Super.2006) (quotation omitted). This standard is "less stringent than probable cause." *Commonwealth v. Cook*, 558 Pa. 50, 57, 735 A.2d 673, 676 (1999). Thus, where probable cause exists, we may find reasonable suspicion necessarily exists. *See Commonwealth v. El*, 933 A.2d 657, 662 n. 4 (Pa.Super.2007) (noting that when court has already found existence of probable cause, "It is unnecessary to apply a reasonable suspicion analysis"), *affirmed*, —— Pa. ——, 977 A.2d 1158 (2009). The relevant inquiry is therefore whether the facts found by the trial court were supported by the record, and if so, whether the trial court erred in concluding that these facts established reasonable suspicion. *Smith, supra.*

¶ 5 Instantly, the trial court found the following facts:

(1) [Appellant] immediately proceeded through [ ] a traffic light at a high rate of speed as soon as the light changed from red to green;

(2) [Appellant] failed to yield to a pedestrian crosswalk;

(3) The officer perceived that [Appellant] was driving 40 miles per hour in a 25 mile per hour zone;

(4) The day of the stop was snowy, and the roads, at the time of the stop, were wet and slushy;

(5) All of the officer's observations occurred in a rural college town with an abundance of foot traffic, housing structures, businesses, and student housing.

Trial Ct. Op. at 6. After reviewing the record, we are unable to discern the basis for the court's second finding of fact. The officer testified that Appellant did not slow down when there was "an individual in the area of the crosswalk." N.T., 4/16/08, at 8. The officer later clarified that the individual was "on the sidewalk." *Id.* at 9. Pennsylvania law requires that vehicles yield the right-of-way to pedestrians within a crosswalk. *See* 75 Pa.C.S. § 3542(a). A driver has no duty to yield to a pedestrian on the sidewalk under Pennsylvania law. Because the record, at best, is inconclusive and contradictory, we cannot conclude the record supports the court's second finding of fact. *See Crork, supra.* We find, however, that the court's four other findings are supported by the record.

¶ 6 These facts establish reasonable suspicion of a violation of the Vehicle Code, namely Section 3361, Driving Vehicle at Safe Speed. As noted above, this Court has held that "speeding alone does not constitute a violation of [Section 3361]." *Heberling*, 678 A.2d at 795. Rather, "[t]here must be proof of speed that is unreasonable or imprudent under the circumstances," which may include "weather conditions." *Id.* at 795–96.

¶ 7 This Court was confronted with similar facts in *Minnich, supra* in which a police officer stopped the appellant after observing him make a tight turn on an icy road at a high rate of speed. *Minnich*, 874 A.2d at 1237. This Court held that these facts were sufficient to establish probable cause for the officer to make a traffic stop. *Id.* at 1239. Moreover, this Court rejected the appellant's argument that the traffic stop was unlawful because there was no "real danger" of causing an accident. *Id.* at 1236. In so holding, the *Minnich* Court recognized that **potential** danger is sufficient to establish probable cause and warrant a traffic stop under the former, stricter standard. *Id.* at 1239.

¶ 8 Instantly, Appellant drove fifteen miles-per-hour faster than the posted speed limit of twenty-five miles-per-hour on a road that was wet and slushy. Because *Minnich* established that potential danger is sufficient to satisfy the proba-

cause standard, we discern no legal error in concluding that the instant facts are sufficient to meet the lower standard of reasonable suspicion. *See El, supra; see also* 75 Pa.C.S. § 6308(b); *Cook, supra; Crork, supra.* In conclusion, we hold that *Minnich,* which established that speeding may create sufficient potential for causing an accident under certain circumstances to warrant a finding of probable cause, also applies to the current standard of reasonable suspicion. *See Cook, supra; El, supra.* Accordingly, the suppression court did not err in concluding Officer Robinson had reasonable suspicion to stop Appellant.

¶ 9 Judgment of sentence affirmed.