J. S71036/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
   :    PENNSYLVANIA
       Appellee    :
   :
      v.    :
   :
   :
KENNETH ALLAN DORSEY,    :
   :
       Appellant    :    No. 370 MDA 2014

Appeal from the Judgment of Sentence December 20, 2013
In the Court of Common Pleas of York County
Criminal Division No(s).: CP-67-CR-0002134-2013

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:       **FILED DECEMBER 24, 2014**

Appellant, Kenneth Allan Dorsey, appeals from the judgment of sentence entered in the York County Court of Common Pleas following his bench trial and conviction for, *inter alia*, driving under the influence[1] ("DUI"). Appellant's counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), with this Court. Appellant claims the Commonwealth lacked probable cause to stop his vehicle. We grant counsel's petition and affirm the judgment of sentence.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802.

We adopt the facts set forth in the trial court's opinion. ***See*** Trial Ct. Op., 7/1/14, at 1-2. On December 20, 2013, the court sentenced Appellant to six months' intermediate punishment. Appellant filed, and the court denied, a timely post-sentence motion. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

On August 12, 2014, Appellant's counsel filed a petition to withdraw with this Court. Appellant did not file a *pro se* brief with this Court. "[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted).

> [T]he three requirements that counsel must meet before he or she is permitted to withdraw from representation [are] as follows:
>
> > First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.
>
> ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349, 351 (2009).

***Id.*** (footnote and some citations omitted).

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set

> forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

> [I]n Pennsylvania, when counsel meets his or her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous."

*Id.* at 355 n.5 (citation omitted).

Instantly, in counsel's *Anders* brief, he stated that he made a conscientious examination of the record. He summarized the factual and procedural history with citations to the record. He referred to every issue and everything in the record that he believes arguably supports the appeal. He articulated the facts from the record, case law, and statutes that led him to conclude that the appeal is frivolous. He furnished a copy of the brief to Appellant. He also advised him of his right to retain new counsel or to himself raise any additional points *pro se* that he deems worthy of the Court's consideration. We find that Appellant's counsel has complied with all the requirements set forth above. *See id.* at 361; *Garang*, 9 A.3d at 240. Therefore, we now review the underlying issue on appeal. *See Santiago*, 978 A.2d at 355 n.5.

The *Anders* brief raises the following issue:

> Whether the trial court erred in denying Appellant's motion to suppress evidence and post-sentence motion when the

- 3 -

> trooper failed to establish probable cause for a speeding violation by failing to clock Appellant's vehicle for the requisite 3/10ths of a mile pursuant to 75 Pa.C.S. § 3368 and no other basis consistent with the 4th Amendment and Article I, Section 8 [of the Pennsylvania Constitution] provided justification for a traffic stop?

**Anders** Brief at 4.[2]  The **Anders** brief suggests the trooper was obligated to chase Appellant for 3/10th of a mile to establish probable cause to stop him for a traffic violation.  We hold Appellant is due no relief.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.  Where the prosecution prevailed in the suppression court, we may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole.  Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

**In re J.E.**, 937 A.2d 421, 425 (Pa. 2007) (citations omitted).  In evaluating the legal conclusion drawn by the suppression court, this Court may also consider uncontradicted testimony from the suppression hearing not included in the suppression court's findings of fact.[3]  **Commonwealth v.**

---

[2] As stated above, Appellant has not filed a *pro se* response.

[3] We acknowledge the holding of **In re L.J.**, 79 A.3d 1073 (Pa. 2013), that after October 30, 2013, the scope of review for a suppression issue is limited to the record available to the suppression court.  **Id.** at 1085, 1089 (stating holding applies to "all litigation commenced Commonwealth-wide after the filing of this decision").  Because the instant criminal complaint was filed prior to October 30, 2013, **In re L.J.** does not apply.

***Mendenhall***, 715 A.2d 1117, 1119 n.1 (Pa. 1998). We may also affirm on any basis. ***See Commonwealth v. Clouser***, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

Instantly, after careful review of the parties' briefs, the record, and the decision of the Honorable John S. Kennedy, we affirm based on the trial court's opinion. ***See*** Trial Ct. Op. at 3-5 (holding police had reasonable suspicion of DUI thus justifying stop; thus, unnecessary for police to pace vehicle for three-tenths of mile). Our independent review of the record reveals no other issue of arguable merit. ***See Santiago***, 978 A.2d at 355 n.5. Accordingly, we conclude that the appeal is frivolous and grant counsel's petition for leave to withdraw.

Counsel's petition for leave to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/24/2014</u>

## IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  :

                          v.  :  No. CP-67-CR-2134-2013

KENNETH A. DORSEY         :

APPEARANCES:

THOMAS L. KEARNEY, Esq.
For the Commonwealth

ANTHONY J. TAMBOURINO, Esq.
For the Appellant

## OPINION PURSUANT TO RULE OF APPELLATE PROCEDURE 1925(a)

On February 21, 2014 Appellant filed a Notice of Appeal from this Court's denial of his suppression and post-trial motions. We directed Appellant to file a Concise Statement of Errors pursuant to Rule 1925(b) on February 24, 2014, and we received the same on March 17, 2014. We now issue the following Opinion.

## FACTS AND PROCEDURAL HISTORY

On January 13, 2013 at approximately 1:30a.m., Appellant was driving along East Market Street in York City while under the influence of alcohol and marijuana. *N.T. 8/29/13 at 4.* At precisely the same time Trooper Matthew Templin was patrolling the streets through which Appellant was traveling in a fully marked police cruiser. *N.T. 8/19/13 at 7.* The particular stretch of road in question is subject to a 25 mile per hour speed restriction, and traffic was minimal at the time. *N.T. 8/19/13*

1

(35)

*at 6-8.* Trooper Templin's testimony indicates he was driving along East Market Street at a rate of 35 miles per hour when he observed Appellant's vehicle quickly approaching in his rearview mirror. *Id.* Appellant continued to operate the vehicle at a high rate of speed until it was no longer possible to do so, having shortened the following distance between himself and Trooper Templin's cruiser to a mere half of one car length. *Id.* Trooper Templin responded by maneuvering from the left lane of East Market Street to the right lane while maintaining his speed of 35 miles per hour. *Id.* Trooper Templin then initiated a traffic stop when Appellant proceeded to pass his marked police cruiser at a rate of speed well in excess of the posted limit.

Appellant was cited with several violations of the Motor Vehicle Code, including 75 Pa.C.S. § 3802 (DUI), 75 Pa.C.S. § 3362 (speeding), 75 Pa.C.S. § 3714 (careless driving), and 75 Pa.C.S. § 4581 (failure to use safety belt). Following a non-jury trial, Appellant was convicted of driving under the influence and was sentenced on December 20, 2013.

## ISSUE ON APPEAL

Appellant's Concise Statement of Errors raises only one issue on appeal:

> Whether the trial court erred in denying Appellant's Motion to Suppress Evidence and Post-Sentence Motion when the trooper failed to establish probable cause for a speeding violation by failing to clock Appellant's vehicle for the requisite 3/10ths of a mile pursuant to 75 Pa.C.S. §3368 and no other basis consistent with the 4[th] Amendment and Article I, Section 8 provided justification for a traffic stop?

2

It is clear from the foregoing that this appeal is narrowly limited in scope to whether the traffic stop was effectuated in accordance with applicable law.

## STANDARD OF REVIEW

The standard of appellate review applied to the denial of a suppression motion is well-established:

> We determine whether the [trial] court's factual findings are supported by the record and whether the legal conclusions drawn from them are correct. Where, as here, it is the defendant who is appealing the ruling of the suppression court, we consider only the evidence of the prosecution and so much of the evidence for the defense which remains uncontradicted when fairly read in the context of the whole record. If, upon our review, we conclude that the record supports the factual findings of the suppression court, we are bound by those facts, and may reverse only if the legal conclusions drawn therefrom are in error.

*Com. v. Perry*, 982 A.2d 1009, 1011 (Pa. Super. 2009) (*citing Commonwealth v. Crork*, 966 A.2d 585, 586–87 (Pa. Super. 2009)). Stated differently, "if sufficient evidence is of record to support the suppression court's ruling and that court has not misapplied the law, the appellate court will not substitute our credibility determination for that of the suppression court judge." *Com. v. Ulman*, 902 A.2d 514, 516 (Pa. Super. 2006) (*citing Commonwealth v. Marinelli*, 690 A.2d 203, 214 (1997)).

## DISCUSSION

Appellant relies upon *Commonwealth v. Whitmyer*, 668 A.2d 1113 (Pa. Super. 1995) in support of his contention that the traffic stop was rendered illegal by virtue of Trooper Templin' failure to pace or clock Appellant's vehicle for three-tenths of a mile.

3

*N.T. 3/26/14 at 2.* Appellant's reliance on *Whitmyer* is misplaced for several reasons. In *Whitmyer,* a police officer effectuated a traffic stop after observing the defendant drive at an unsafe speed for only two-tenths of a mile. The officer smelled marijuana during the traffic stop and charged the defendant with DUI, possession of marijuana, and failing to drive at a safe speed. *Id.* The Supreme Court of Pennsylvania held there was no reasonable or articulable basis for the officer to suspect a violation of the Motor Vehicle Code because he had not paced the defendant for the requisite three-tenths of a mile pursuant to 75 Pa.C.S. §3368. The *Whitmyer* Court made clear, however, that the "articulable and reasonable grounds" standard mandated in the former iteration of 75 Pa.C.S. §3368 was a "probable cause" standard. *Id. at 1116.*

The legislature has since amended 75 Pa.C.S.A § 6308(b) to clarify that, whenever an officer "has reasonable suspicion that a violation of [the Motor Vehicle Code] is occurring or has occurred, he may stop a vehicle". 75 Pa.C.S.A. §6308(b). The legislative history of this amendment clearly indicates that it was the legislature's intent to authorize police officers to stop a vehicle based upon a "reasonable suspicion" that the driver has violated the Motor Vehicle Code rather than the heightened standard of probable cause applied in *Whitmyer. Com. v. Ulman,* 902 A.2d 514, 517-18 (Pa. Super. 2006). Given that *Whitmyer* was decided under the former version of 75 Pa.C.S. §6308(b), which required a stricter standard for a traffic stop than the current version of the statute, *Whitmyer* is neither controlling precedent nor particularly helpful in interpreting the current statute.

The record supports this Court's factual finding that Trooper Templin had reasonable suspicion Appellant was in violation of several provisions of the Motor

4

Vehicle Code. Trooper Templin's testimony indicates Appellant was traveling *at least* 11 miles per hour in excess of the posted speed limit. Although traffic was minimal at 1:30a.m., Appellant proceeded to tailgate a marked police cruiser at an unsafe following distance before he ultimately sped past it. Appellant was cited for speeding, careless driving, and failure to wear a seatbelt. Based on the testimony presented, it seems Appellant could also have been charged with following another vehicle at an unsafe distance.

Taken together, these facts reasonably demonstrate Appellant was unable to exercise ordinary prudence at the time in question. Trooper Templin testified that, based on his training and experience, these facts led him to suspect Appellant was driving under the influence before the stop was initiated, which was in fact accurate in the instant matter. We find Trooper Templin's testimony to be credible and are confident the traffic stop was effectuated in accordance with applicable law.

## CONCLUSION

This Court has thoroughly reviewed all of the relevant pleadings and transcripts in this matter. We rely on and incorporate those pleadings and transcripts, as well as the within Opinion, as our 1925(a) Opinion in the above-captioned matter.

BY THE COURT,

John S. Kennedy, Judge

Filed: July 1, 2014



*. B A T C H *

Defendant-Name:

## Kenneth Allan Dorsey



* A P P E A L *

### Case Number



* C P — 6 7 — C R — 0 0 0 2 1 3 4 — 2 0 1 3 *

OTN:

L 758200-2

Kennedy, John S.

| Serviced TO: | BY: | Mail | CERT Mail | Inter-Office | Hand DEL | FAX | E-MAIL |
|---|---|---|---|---|---|---|---|
| 1. | | | | | | | |
| 2. | | | | | | | |
| 3. | | | | | | | |

Notes:

☐ **Docketed in CPCMS**   Date:

☐ Scanned Images OK - Verified / QC'd

☐ **RE-SCAN needed**

Reason:

RETURN TO RECORDS UNIT

I attest and certify that as Deputy Clerk of Courts I have properly Serviced and Docketed the documents related to this case action and have verified the completeness and image quality of the scanned documents.

Signature or Stamp - Deputy Clerk of Courts

## Don O'Shell - York County Clerk of Courts

541591

Wednesday, July 02, 2014 08:13:59 AM