J-A22039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KOREI L. MELTON, | |
| Appellant | No. 75 MDA 2015 |

Appeal from the Judgment of Sentence December 17, 2014
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0000680-2014

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                              **FILED AUGUST 28, 2015**

Appellant, Korei L. Melton, appeals from the judgment of sentence imposed following his bench conviction of driving under the influence of a controlled substance (DUI) and driving while operating privilege is suspended or revoked.  We affirm.

We take the following facts from the trial court's April 8, 2015 opinion and our independent review of the record, including the parties' stipulation of facts.  On November 3, 2013,[1] at approximately 12:35 a.m., Officer

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The October 10, 2014 stipulation between the parties improperly identifies the date of the incident as January 12, 2014.  (**See** Stipulation of Fact, 10/10/14, at 1 ¶ 1).  However, this appears to be a typographical error because all other documents in the certified record identify the date as
*(Footnote Continued Next Page)*

Joseph Hilliard, a sixteen-year police veteran, was in a marked police car when he observed Appellant's vehicle traveling at a high rate of speed on Route 222, a four-lane highway with a slight incline and curve to the right. Upon catching up with Appellant, the officer's speedometer reflected that he was traveling between seventy and eighty miles per hour in the fifty-five mile per hour zone. Believing Appellant's speed to be unsafe for the conditions, Officer Hilliard activated his emergency lights and initiated a vehicle stop. Appellant's car came to a stop approximately two hundred yards away.

When he made contact with Appellant, the officer smelled marijuana. During their ensuing conversation, the officer learned that Appellant was driving with a suspended license. Appellant's eyes were glassy and he admitted to smoking marijuana earlier in the day, but he denied any alcohol consumption. Officer Hilliard smelled alcohol and conducted a breathalyzer test, which came back positive. Appellant failed two of the three field sobriety tests given and Officer Hilliard placed him under arrest for suspicion of DUI. Appellant's blood tested positive for the presence of marijuana.

On March 11, 2014, the Commonwealth filed an information against Appellant charging him with two counts of DUI, and one count each of possession of a small amount of marijuana, driving while operating privilege

_(Footnote Continued)_ —————————

November 3, 2013. (**_See, e.g._**, Information, 3/11/14, at 1; N.T. Hearing, 6/13/14, at 4; Trial Court Opinion, 4/08/15, at 1).

is suspended or revoked, and driving vehicle at unsafe speed.[2] Appellant filed a motion to suppress on the basis that Officer Hilliard lacked probable cause to stop him for failure to drive at a safe speed. The court denied the motion and, on November 14, 2014, after a bench trial on stipulated facts, the court convicted Appellant of DUI and driving while operating privilege is suspended or revoked.[3] On December 17, 2014, the court sentenced Appellant to a term of incarceration of not less than seventy-two hours nor more than six months, plus community service, costs, and fines. Appellant timely appealed.[4]

Appellant raises one issue for our review: "Whether the [trial] court erred as a matter of law when it determined that police had probable cause to stop Appellant's vehicle for violating the driving vehicle at safe speed provision of the Motor Vehicle Code?" (Appellant's Brief, at viii) (most capitalization omitted).

Our standard of review of the court's ruling on a motion to suppress evidence is well-settled.

---

[2] 75 Pa.C.S.A. §§ 3802(d)(1)(i) and (d)(1)(ii), 35 P.S. § 780-113(a)(31)(i), and 75 Pa.C.S.A. §§ 1543(a) and 3361, respectively.

[3] The court found Appellant not guilty of the remaining charges. (**See** Verdict of Court, 11/14/14, at 1).

[4] Appellant filed a timely statement of errors complained of on appeal on March 20, 2015 pursuant to the trial court's order. **See** Pa.R.A.P.1925(b). The court filed an opinion on April 8, 2015. **See** Pa.R.A.P. 1925(a).

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

**Commonwealth v. Potts**, 73 A.3d 1275, 1280 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2013) (citation omitted).

Here, Appellant argues that "[w]ithout specific and articulated facts establishing probable cause to validate the vehicle stop, the [trial] court erred, as a matter of law, by denying [his] suppression motion." (Appellant's Brief, at 5). We disagree.

In determining whether a police officer has conducted a valid traffic stop, the following standard applies:

If the alleged basis of a vehicular stop is to permit a determination whether there has been compliance with the Motor Vehicle Code of this Commonwealth, it is encumbent [sic] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code.

- 4 -

***Commonwealth v. Spieler***, 887 A.2d 1271, 1275 (Pa. Super. 2005)

(citation omitted).

In this case, Officer Hilliard stopped Appellant for a violation of 75

Pa.C.S.A. § 3361, driving a vehicle at safe speed.  Section 3361 provides:

> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa.C.S.A. § 3361.

> The assured clear distance rule, codified at 75 Pa.C.S.[A.] § 3361, requires that the driver maintain such control as will enable him to stop and avoid obstructions that fall within his vision, and requires the driver travelling in darkness to keep his vehicle under control so that he can always stop within the range of his headlights.

***Dranzo v. Winterhalter***, 577 A.2d 1349, 1357 (Pa. Super. 1990), *appeal*

*denied*, 585 A.2d 468 (Pa. 1991) (citations omitted).

> [W]here the police initiate a traffic stop based on a safety hazard allegedly created by the driver, the police must possess specific facts justifying the intrusion.  We are mindful that [p]robable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference. . . . [W]hile an actual violation of the [Motor Vehicle Code] need not ultimately be established to validate a vehicle stop, a police officer must have a reasonable and articulable belief that a vehicle or driver is in violation of the [Motor Vehicle Code] in order to lawfully stop the vehicle. . . .

***Spieler***, ***supra*** at 1275 (citations and quotation marks omitted).

"[The] potential danger of causing an accident is sufficient to establish probable cause to initiate a traffic stop[.]" ***Commonwealth v. Perry***, 982 A.2d 1009, 1010 (Pa. Super. 2009) (emphasis omitted); ***see also Commonwealth v. Minnich***, 874 A.2d 1234, 1235 (Pa. Super. 2005), *appeal denied*, 885 A.2d 41 (Pa. 2005) (concluding that officer had probable cause to stop defendant just before midnight where he "sped around a curve and, in so doing, did not have a clear view of what lay ahead.") (record citation omitted).

Here, at 12:35 a.m., Officer Hilliard was in a marked police car on Route 222 when he observed Appellant's vehicle pass him at a high rate of speed. (***See*** N.T. Hearing, 6/13/14, at 4-5). Officer Hilliard testified that Route 222 "is a fairly steep road; slight incline; at one point a slight turn, bend in the road to the right." (***Id.*** at 6). Upon catching up to the car approximately one mile later, the officer paced it with his speedometer as travelling between seventy and eighty miles per hour on the four-lane divided highway. (***See id.*** at 6-7). The officer activated his emergency lights, and Appellant's vehicle finally came to a complete stop "a couple hundred yards down[.]" (***Id.*** at 7). Officer Hilliard stated that he initiated a traffic stop because, based on his approximately sixteen years of experience, he believed Appellant's speed was so great as to be unsafe for that road. (***See id.*** at 3-4, 12).

After our independent review of the record, we conclude that the record supports the trial court's finding that Officer Hilliard articulated specific facts to establish probable cause to effectuate the traffic stop where Appellant was travelling at an unsafe speed under the circumstances then-present. *See Spieler*, *supra* at 1275; *Minnich*, *supra* at 1235; *Dranzo*, *supra* at 1357. Therefore, the court did not err when it denied Appellant's motion to suppress. *See Potts*, *supra* at 1280. Appellant's issue does not merit relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/28/2015