J-A08025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW DAVID SIKORA, JR. | |
| Appellant | No. 1532 EDA 2015 |

Appeal from the Judgment of Sentence April 24, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003780-2014

BEFORE:  BOWES, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 22, 2016**

Appellant, Andrew David Sikora, Jr., appeals from the judgment of sentence entered on April 24, 2015.  We are constrained to reverse.

The factual background and procedural history of this case are as follows.  At approximately 2:00 a.m. on August 9, 2014, Officer Matthew Fusco responded to a disturbance.  When he reached Bridge Street in downtown Phoenixville, Officer Fusco learned that fellow officers resolved the disturbance.  Shortly thereafter, Officer Fusco and Appellant were traveling in opposite directions on Bridge Street.  At that time, the road was dry, the skies were clear, and visibility was good.  The speed limit on Bridge Street is 25 miles per hour ("MPH") and Appellant was traveling 14 MPH when he passed Officer Fusco.

_____
* Retired Senior Judge assigned to the Superior Court

After Appellant passed Officer Fusco, Officer Fusco heard an engine surge. He looked in his side mirror and saw Appellant's vehicle continuing in the opposite direction. Officer Fusco turned around and pulled Appellant over to investigate whether Appellant was driving at an unsafe speed. Based upon his interaction with Appellant, Officer Fusco believed Appellant was under the influence of alcohol and therefore ordered him to perform field sobriety tests. Appellant failed the field sobriety tests and was transported to the local hospital where a blood test showed Appellant's blood alcohol concentration ("BAC") was .184%.

On November 17, 2014, Appellant was charged via criminal information with driving under the influence-highest rate,[1] driving under the influence-high rate,[2] driving under the influence-general impairment,[3] careless driving,[4] driving an unregistered vehicle,[5] and driving at an unsafe speed.[6] On December 12, 2014, Appellant filed a suppression motion, arguing that Officer Fusco lacked the requisite probable cause to pull him over to investigate the offense of driving at an unsafe speed. A suppression

_____

[1] 75 Pa.C.S.A. § 3802(c).

[2] 75 Pa.C.S.A. § 3802(b).

[3] 75 Pa.C.S.A. § 3802(a)(1).

[4] 75 Pa.C.S.A. § 3714(a).

[5] 75 Pa.C.S.A. § 1301(a).

[6] 75 Pa.C.S.A. § 3361.

hearing was held on March 20, 2015, at the conclusion of which the trial court denied the suppression motion.

On April 24, 2015 Appellant was convicted of driving under the influence-highest rate. The remaining charges were withdrawn. Appellant was immediately sentenced to seven days to six months' imprisonment. This timely appeal followed.[7]

Appellant presents two issues for our review:

1. [Did the trial court err by finding that Officer Fusco only needed reasonable suspicion to pull Appellant over?

2. Did the trial court err in finding that Officer Fusco had probable cause to pull Appellant over?]

**See** Appellant's Brief at 2.

Both of Appellant's issues relate to the trial court's denial of his suppression motion. Our "standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." **Commonwealth v. Mason**, 130 A.3d 148, 151 (Pa. Super. 2015) (citation omitted). "[O]ur scope of review is limited to the factual findings and legal conclusions of the suppression court." **In re L.J.**, 79 A.3d 1073, 1080 (Pa. 2013) (citation omitted). "We may consider only the Commonwealth's evidence and so

---

[7] On June 16, 2015, Appellant filed a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On July 23, 2015, the trial court issued its Rule 1925(a) opinion. Both issues raised on appeal were included in Appellant's concise statement.

much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Williams*, 125 A.3d 425, 431 (Pa. Super. 2015) (citation omitted). "Once a defendant files a motion to suppress, the Commonwealth has the burden of proving that the evidence in question was lawfully obtained without violating the defendant's rights." *Commonwealth v. Fleet*, 114 A.3d 840, 844 (Pa. Super. 2015) (citation omitted).

In his first issue, Appellant argues that the trial court applied the wrong standard when determining whether Officer Fusco lawfully stopped Appellant. Appellant argues that Officer Fusco needed probable cause to pull him over. The trial court found, however, that Officer Fusco needed only reasonable suspicion in order to pull Appellant over.

"Both the Fourth Amendment to the United States Constitution and Article I, § 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures." *Commonwealth v. Gillespie*, 103 A.3d 115, 118 (Pa. Super. 2014) (citation omitted). "To safeguard these rights, courts require police to articulate the basis for their interaction with citizens in three increasingly intrusive situations." *Commonwealth v. Clemens*, 66 A.3d 373, 378 (Pa. Super. 2013) (internal alterations, quotation marks, and citation omitted).

> The first of these is a mere encounter (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an investigative detention[,] must be

supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or custodial detention must be supported by probable cause.

*Commonwealth v. Ranson*, 103 A.3d 73, 76-77 (Pa. Super. 2014), *appeal denied*, 117 A.3d 296 (Pa. 2015) (internal alteration, quotation marks, and citation omitted).

In finding that Officer Fusco needed only reasonable suspicion to stop Appellant for driving at an unsafe speed, the trial court relied upon 75 Pa.C.S.A. § 6308(b). That statute provides that:

Whenever a police officer . . . has reasonable suspicion that a violation of [the Vehicle Code] is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number[,] or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of th[e Vehicle Code].

75 Pa.C.S.A. § 6308(b). The trial court interpreted section 6308(b) to permit police detention based upon reasonable suspicion that the driver violated any portion of the Vehicle Code.

Our Supreme Court has rejected the trial court's interpretation of section 6308(b). Specifically, our Supreme Court has held that:

a vehicle stop based solely on offenses not "investigatable" cannot be justified by a mere reasonable suspicion, because the purposes of a *Terry*[8] stop do not exist—maintaining the status quo while investigating is inapplicable where there is nothing

---

[8] *See Terry v. Ohio*, 392 U.S. 1 (1968)

- 5 -

> further to investigate. An officer must have probable cause to make a constitutional vehicle stop for such offenses.

***Commonwealth v. Chase***, 960 A.2d 108, 116 (Pa. 2008); ***see Commonwealth v. Slattery***, 2016 PA Super 99, 3-4 (Pa. Super. May 13, 2016); ***Commonwealth v. Feczko***, 10 A.3d 1285, 1290-1291 (Pa. Super. 2010) (*en banc*), *appeal denied*, 25 A.3d 327 (Pa. 2011).

Based upon our Supreme Court's holding in ***Chase***, whether Officer Fusco needed reasonable suspicion or probable cause depends upon whether driving at an unsafe speed constitutes an investigatable offense. We conclude that, under the facts presented in this case, driving at an unsafe speed is not an investigatable offense. The police officer could not gain any information from a traffic stop which would help him determine whether Appellant was operating his vehicle at an unsafe speed. Instead, the police officer's observation of the vehicle and the surrounding circumstances (*i.e.*, weather, road conditions, visibility, etc.), is the only factor in determining if Appellant was operating the vehicle at an unsafe speed.[9]

Alternatively, the Commonwealth argues that Officer Fusco had reasonable suspicion that Appellant was fleeing the scene of a crime. As this Court has explained:

---

[9] The Commonwealth relies upon ***Commonwealth v. Perry***, 982 A.2d 1009 (Pa. Super. 2009), in support of its argument that a police officer only needs reasonable suspicion to pull a driver over for driving at an unsafe speed. The Commonwealth ignores, however, that the *en banc* panel in ***Feczko*** overruled ***Perry***. ***Feczko***, 10 A.3d at 1291 & n.2.

> Reasonable suspicion is a less stringent standard than probable cause necessary to effectuate a warrantless arrest, and depends on the information possessed by police and its degree of reliability in the totality of the circumstances. . . . In assessing the totality of the circumstances, courts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention.

*Clemens*, 66 A.3d at 379 (ellipsis and citation omitted).

We conclude that Officer Fusco lacked reasonable suspicion that Appellant was fleeing the scene of a crime. Officer Fusco lacked any facts to support the inference that a crime recently occurred in the area and/or that a suspect was fleeing the scene of a crime. To the contrary, although Officer Fusco knew that a disturbance had occurred in the area, the record confirms that the situation had been successfully contained and that the scene was clear. It is not reasonable to infer, from a single surge of an engine, that an individual is fleeing a non-active crime scene. The video of the interaction confirms that Officer Fusco had no knowledge of Appellant's involvement with the prior fracas. Accordingly, we conclude that Officer Fusco needed probable cause to pull Appellant over.

Having determined that Officer Fusco needed probable cause to pull Appellant over, we turn to whether he possessed such lawful justification for his interaction with Appellant. The Commonwealth argues that Officer Fusco possessed probable cause for two reasons. First, the Commonwealth argues that Appellant surging his engine made it probable that he was driving at an

unsafe speed. Second, the Commonwealth argues that the time and location of the incident, *i.e.*, bar closing time in a downtown area, meant that driving at 14 MPH was unsafe for those conditions. Both arguments lack merit.

As to the first argument, Officer Fusco did not testify as to what effect Appellant's surging of the engine had on the **speed** of the vehicle he was driving. At the suppression hearing Officer Fusco only testified to hearing the engine surge and seeing Appellant's taillights pulling away, and without any support, he made the conclusory statement that Appellant was traveling away from him at a high rate of speed.[10] N.T., 3/10/15, at 9. Officer Fusco saw Appellant's taillights in his side mirror. Officer Fusco merely caught a brief glimpse of the taillights proceeding in the opposite direction. Thus, Appellant's surging of the engine was insufficient to give Officer Fusco probable cause.

Next, the Commonwealth argues that Appellant's rate of speed – 14 MPH in a 25 MPH zone – was sufficient to give Office Fusco probable cause in light of the surrounding circumstances. Specifically, the Commonwealth argues that it was closing time for the bars located along Bridge Street in downtown Phoenixville and pedestrians were jaywalking at the time. We

---

[10] The only evidence of record as to the speed that Appellant was traveling when he passed Officer Fusco is the testimony of Steven Shorr, an accident reconstructionist, who testified as an expert witness on behalf of Appellant. Mr. Shorr testified that, in his expert opinion, Appellant accelerated from 6 MPH to "about" 14 MPH as he passed Officer Fusco. N.T., 3/10/15, at 62.

carefully reviewed the footage from Officer Fusco's dashboard camera and conclude that the surrounding circumstances did not provide Officer Fusco with probable cause that traveling 14 MPH was unsafe for the conditions. Instead, the surrounding circumstances were similar to those encountered every day in school zones across this Commonwealth. Pedestrians were walking on the sidewalk and there was an occasional jaywalker. Fifteen miles per hour is an appropriate speed under those circumstances. *See* 75 Pa.C.S.A. § 3365(b). As no other evidence supported Officer Fusco's belief that Appellant was driving at an unsafe speed, we conclude he lacked probable cause to pull Appellant over. Therefore, the trial court erred by denying Appellant's suppression motion. As no other evidence supported Appellant's conviction, we reverse the judgment of sentence and discharge Appellant.

Judgment of sentence reversed. Appellant discharged.

Judge Strassburger joins this memorandum.

Judge Bowes files a Dissenting Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2016