J-A11011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
v. :
:
:
TODD ALLAN NELL : No. 477 MDA 2019

Appeal from the Order Entered February 15, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006141-2018

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY McLAUGHLIN, J.:

**FILED DECEMBER 15, 2020**

I respectfully dissent. I believe the trial court applied the wrong standards. The court was concerned with a supposed lack of evidence of Nell's speed, rather than with whether there were reasonable grounds to believe he was going too fast for conditions. It also looked for conclusive evidence of violations, rather than evidence to establish probable cause to believe that they had occurred.

Officer Henry testified that the defendant passed the officer's vehicle at an "estimated speed of over 40 in a 25 but continuation at high rate of speed through several different roadways." He said this occurred in a residential area

_____

[*] Former Justice specially assigned to the Superior Court.

where there were often pedestrians at that time of night, and along a route where the conditions rendered doing so unsafe.

> His estimated speed of over 40 in a 25 but continuation at high rate of speed through several different roadways. There is some hazard there to include a hill, which you can clearly see he disappears afterwards. There's a potential hazard of cross traffic in different intersections.
>
> The vehicle then accelerates across train tracks where there is a dip on the other side of the roadway. He kind of avoids that by going into the oncoming traffic lane and then continues to a slight right-hand turn.
>
> So in the essence of hazards on the roadway, there are some. It is 2:00 at night, so traffic is limited, but we do have pedestrians that are out at that time, although none are seen in the video.

N.T. Suppression Hearing, 2/15/19, at 16.

The trial court credited Officer Henry's testimony, other than his estimation of Nell's speed, but nonetheless found probable cause lacking. I would conclude that the Commonwealth carried its burden to establish that the arresting officer, Officer Henry, had probable cause.

The trial judge first concluded that the officer's estimation that the defendant was going "over 40 in a 25" was insufficient to support the stop, because the court considered Officer Henry's testimony in this regard to be of insufficient weight to support the stop. In support, the court cited **Commonwealth v. McCandless**, 648 A.2d 309, 311 (Pa. 1994), where the Supreme Court held that an officer's testimony that a vehicle was going faster

than others on the road was insufficient, standing alone, to afford the officer probable cause to stop the driver for "speeding."

The court's reliance on **McCandless** was misplaced. That case was about probable cause to stop a suspect for "speeding," not for Driving Vehicle at Safe Speed, which does not require that the defendant have been traveling at any particular speed. Rather, Driving Vehicle at Safe Speed, to paraphrase, prohibits drivers from "driv[ing] a vehicle at a speed greater than is reasonable and prudent under the conditions. . . ." 75 Pa.C.S.A. § 3361. Officer Henry thus did not need to estimate Nell's speed. He instead only needed to have good grounds to believe that Nell was driving too fast for conditions, and I believe that he did.

The court then turned to the dashcam video to determine if it contained "anything additional that can be added to Officer Henry's estimation of the Appellee's speed as being forty in a twenty-five." The court concluded that because the video showed the officer cutting through alleyways in an effort to catch up to Nell, who was traveling on the main streets, it did not establish that Nell was speeding. Rather, the court was of the opinion that delays the officer experienced by going through the alleys gave Nell time to get far ahead of the officer:

> Combining the testimony of Officer Henry with the dashcam video observed by this Court multiple times, we can state clearly that Officer Henry was not able to observe the Appellee's driving for much of the pursuit as Officer Henry was taking a roundabout drive in an attempt to get behind the Appellee's vehicle. The officer succeeded in doing so, but his circuitous journey through a maze of alleyways, to include entering the wrong way in one of

those alleys, left him far behind the Appellee. This Court's observation of the video leaves it convinced that Officer Henry's good instincts regarding where the Appellee intended to drive to led the officer to end up behind the Appellee's vehicle but at a disadvantageous point. Simply put, the officer's circuitous journey through the alleyways gave the Appellee sufficient time to end up far in advance of the officer once the officer returned to the main roadways. No useful conclusions regarding the Appellee's speed could be garnered from this portion of the video. We continue on with what can be observed in conjunction with the officer's testimony.

The judge in closing revealingly concludes, "[A]n officer's recounting of a vehicle pursuit that contains repeated assertions that the vehicle was travelling at a high rate of speed does not settle the issue as to whether the vehicle was actually travelling at a high rate of speed."

I respectfully believe that the trial court placed too much emphasis on whether Nell was, in fact, speeding, when that was not the issue at the suppression hearing. The court also improperly disregarded Officer Henry's testimony, which the judge credited (other than the estimation of the speed), and which demonstrated that Officer Henry had just cause to believe that Nell was in violation of Driving Vehicle at Safe Speed. He testified that Nell passed him at a high rate of speed, and there were several hazards in the area that, in the officer's experience, made the speed at which Nell was driving unsafe. Regardless of whether Officer Henry was able to estimate accurately Nell's speed, his other testimony established probable cause.

As discussed above, *McCandless* is inapposite. That case is quite different from the one before us, as the record here provides a basis for Officer Henry to have reasonably believed that Nell was violating Driving Vehicle at

Safe Speed. I conclude the case before us is akin to **Commonwealth v. Minnich**, 874 A.2d 1234, 1239 (Pa.Super. 2005). There, we concluded that an officer's estimation that a vehicle was traveling in excess of the speed limit – in light of the officer's training and experience – as it approached an intersection, and as it came around a sharp curve at the crest of a hill, was sufficient to give the officer probable cause to stop the driver for violating Driving Vehicle at Safe Speed.

The facts of our case, though of course not precisely identical to those in **Minnich**, are sufficiently similar to **Minnich** as to require the same conclusion here. I would reverse the suppression order and remand for trial.