**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Daktari GARCIA, Appellant.**

Superior Court of Pennsylvania.

Argued June 23, 2004.

Filed Sept. 23, 2004.

---

William T. Tully, Harrisburg, for appellant.

Joshua E. Neiderhiser, Assistant District Attorney, York, for Commonwealth, appellee.

Before: MUSMANNO, GANTMAN and BECK, JJ.

BECK, J.:

¶ 1 In this appeal from the judgment of sentence for driving under the influence of alcohol (DUI), we apply *Commonwealth v. Gleason,* 567 Pa. 111, 785 A.2d 983 (2001), in order to determine whether the driving behavior witnessed by police was sufficient to establish the probable cause necessary to support a traffic stop. Our review of recent, relevant case law, as well as the suppression hearing transcript in this case, compel us to vacate appellant's judgment of sentence and order that he be discharged.

¶ 2 Appellant claims that the trial court erred in denying suppression. We begin with our standard of review. On a challenge to an order denying suppression we consider all of the evidence of the prosecution, as well as any defense evidence that was uncontradicted, to determine whether the record supports the factual findings of the suppression court. *Commonwealth v. Cook,* 558 Pa. 50, 735 A.2d 673, 674 (1999). Where it does, we are bound by those facts and may reverse only if we decide that the legal conclusions drawn by the court are erroneous. *Commonwealth v. Ayala,* 791 A.2d 1202, 1207 (Pa.Super.2002).

¶ 3 Shortly before midnight on September 27, 2002, Fairview Township Police Officer Timothy DeHoff was driving southbound along Old York Road when he saw another vehicle (appellant's) driving northbound in the opposing lane of traffic. As appellant neared Officer DeHoff's car, appellant drove over to his right and "straddled" the white line on the shoulder or berm of the road. Officer DeHoff promptly turned his vehicle around and began to follow appellant. On the next block he noticed that as another car approached appellant from the opposite direction of traffic, appellant again drove over the

white berm line until the oncoming car passed. Based on these two observations, Officer DeHoff initiated a traffic stop.

¶ 4 Upon speaking to appellant, the officer noticed an odor of alcohol and that appellant's eyes were glassy. The officer requested that appellant perform several field sobriety tests, which appellant failed, leading to his arrest for DUI. Following an unsuccessful motion to suppress and a stipulated bench trial, appellant was convicted of DUI and sentenced to 48 hours in jail with a balance of one year on parole. This appeal followed.

¶ 5 The question raised by this appeal is whether the facts articulated by the arresting officer were sufficient to establish probable cause warranting the traffic stop. If probable cause was established, then all of the observations by the police officer upon stopping appellant, as well as the evidence regarding appellant's performance in the field sobriety tests, were admissible to establish his guilt. If probable cause was not established, then all of the fruits of the unlawful stop should have been suppressed. Plainly, if suppression was warranted, appellant's conviction cannot stand. *Commonwealth v. Gleason*, 567 Pa. 111, 785 A.2d 983 (2001).

¶ 6 In *Gleason*, the Pennsylvania Supreme Court held that police must possess probable cause to believe a driver is in violation of some provision of the Motor Vehicle Code in order to justify a traffic stop. *Id.* at 122, 785 A.2d at 989. In addition, the *Gleason* court held that an officer who observes a vehicle "cross[ing] the berm line by six to eight inches on two occasions for a period of a second or two over a distance of approximately one quarter mile" does *not* possess the requisite probable cause.[1] *Id.* at 112, 785 A.2d at 983.

¶ 7 Since *Gleason's* publication, this Court has struggled to apply its holding to the myriad fact patterns that come before us in the context of traffic stops. *See, e.g., Commonwealth v. Butler*, 2004 PA Super 294, 856 A.2d 131; *Commonwealth v. Mickley*, 846 A.2d 686, (Pa.Super.2004); *Commonwealth v. Slonaker*, 795 A.2d 397, (Pa.Super.2002); *Commonwealth v. Battaglia*, 802 A.2d 652 (Pa.Super.2002).

¶ 8 The complexity of the *Gleason* issue, and the range of results possible under the case, are evident in two recent opinions of this Court, published within days of one another in July of this year.

¶ 9 In *Commonwealth v. Lindblom*, 854 A.2d 604 (Pa.Super.2004), a panel held that where a vehicle is observed "crossing the center, double yellow lines on four or five occasions, at times straddling them, and crossing the berm line four or five times" there exists probable cause to conduct a traffic stop. *Id.* at 608. The *Lindblom* court recognized the authority of *Gleason*, but reasoned that the driving in the *Lindblom* case was "significantly less benign" than that in *Gleason.* *Id.* Therefore, despite the trial court's reliance on *Gleason* to support its order of suppression, the *Lindblom* court reversed the trial court and ordered that the evidence from the stop be admitted at trial. *Id.*

¶ 10 In *Commonwealth v. Chernosky*, 2004 PA Super 272 (reargument *en banc* granted September 21, 2004), decided two days after *Lindblom*, a panel of this court held that where a vehicle is observed "drifting to the right so as to almost strike a telephone pole ... crossing the center line more than once ... drifting from [the] left side to [the] right side of the road ... and swerving within [the] lane of travel

---

1. The provision of the Motor Vehicle Code at issue in *Gleason* was 75 Pa.C.S.A. § 3309(1), Driving within single lane. In this case, Officer DeHoff relied on § 3309(1) as well as 75 Pa.C.S.A. § 3301, Driving on right side of roadway.

[*i.e.*,] not driving in [a] straight path," probable cause is not established and a traffic stop based on such observations was unlawful.[2] *Id.* at ¶ 14. The *Chernosky* majority noted that the driver did not exceed the speed the limit and obeyed all stop signs. The court also noted that there was no other traffic on the road at the time. *Id.*

¶ 11 As the two cases above demonstrate, deciding a matter under the *Gleason* standard is not an easy task. But a close reading of the *Gleason* rationale,[3] combined with careful attention to the facts of that case, lead us to conclude that where a vehicle is driven outside the lane of traffic for just a momentary period of time and in a minor manner, a traffic stop is unwarranted. Thus, appellant Gleason's crossing of the berm line on two occasions for a second or two were inadequate to support a traffic stop, while appellant Lindblom's repeated weaving within his lane, coupled with his driving over the center double lines and the berm line four or five times, provided probable cause to support a lawful traffic stop.

■ ¶ 12 Applying this "momentary and minor" standard to the facts of this case, we find that probable cause is lacking. Officer DeHoff observed appellant drive over the right berm line of the road just two times. Each time the maneuver was in response to another car coming toward appellant in the opposite lane of traffic. The conduct took place within a very short time period; Officer DeHoff observed appellant for only two blocks before making the stop.

¶ 13 The trial court commented that the facts of this case constituted a "close call"

and characterized the case as "right in the middle." It entered the order denying suppression primarily because appellant's movement across the berm line brought nearly half his vehicle outside the lane and, further, there was the possibility that, despite the late hour, there might be more traffic ahead of appellant as he was approaching a 24 hour grocery store. We do not agree that either of these factors suffice to establish probable cause. Appellant was giving oncoming vehicles "wide berth" when he moved his vehicle to the right. Such a maneuver likely would prompt concern on the officer's part, but it falls short of establishing probable cause. Likewise, the possibility of additional traffic, while enough to trigger continued observation by the officer, does not fulfill the probable cause requirement.

¶ 14 We appreciate the difficulty faced by the trial court here in attempting to determine where the facts before it fit within the *Gleason* framework. But we cannot agree that two brief incidents of drifting across the berm line within a two block distance are sufficient to establish probable cause to conduct a traffic stop. Considering the relatively minor nature of the infraction, and its brief duration, we conclude that the stop was unlawful under *Gleason* and so suppression was warranted.

¶ 15 *Judgment of sentence vacated; appellant is discharged. Jurisdiction relinquished.*

---

2. Judge Bowes filed a dissent in *Chernosky* because she believed the conduct was sufficient to establish probable cause.

3. The *Gleason* court directed that where the police initiate a traffic stop based on a safety

hazard allegedly created by the driver, the police must possess "specific facts justifying the intrusion." *Gleason, supra,* 567 Pa. at 121, 785 A.2d at 988.