## Commonwealth v. Turney

*Scott Andreassi, district attorney,* for Commonwealth.
*Ronald C. Makoski,* for defendant.

VALASEK, *J.,* March 23, 2005—Presently before the court is defendant's omnibus pretrial motion in the form of a motion to suppress/motion to dismiss DUI charges.

The parties have submitted the preliminary hearing transcript to the court to be used as a basis for its decision.

## HISTORY

On November 27, 2003, at approximately 1:35 a.m., Worthington Borough Police Officer Gregory Koprivnak was traveling in a marked police cruiser in the eastbound left (or passing) lane of Route 422. Officer Koprivnak observed defendant traveling ahead of him in the right lane. During the next three-fourths of a mile, Officer Koprivnak saw defendant's vehicle touch the fog line on two occasions, and then travel off the road onto the berm. Officer Koprivnak initiated a traffic stop based on a violation of Vehicle Code 75 Pa.C.S. §3309(1) (Driving on roadways laned for traffic). During the stop, Officer Koprivnak detected a strong odor of alcohol and noted defendant's bloodshot and glassy eyes. Defendant was also noted to have an unsteady gait and failed three field sobriety tests.

Defendant was placed under arrest and taken to Armstrong County Memorial Hospital. Blood was drawn at 2:35 a.m. and revealed a serum BAC of .256 percent.

Defendant is charged with, inter alia, DUI under 75 Pa.C.S. §3802(a)(1) (General impairment) and section 3802(c) (Highest rate of alcohol).

## ISSUE

Whether the officer's observation of defendant's vehicle touching the fog line twice and then traveling out of his lane and onto the berm was sufficient to justify a stop.

## STANDARD OF REVIEW

The Commonwealth shall have the burden of going forward with evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights. Pa.R.Crim.P. 581(H).

## DISCUSSION

75 Pa.C.S. §3309 provides:

"Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules in addition to all others not inconsistent therewith shall apply:

"*(1) Driving within single lane.*—A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety."

Defendant argues that Officer Koprivnak initiated a traffic stop under 75 Pa.C.S. §3309(1) without probable cause as set forth by the Pennsylvania Supreme Court case *Commonwealth v. Gleason,* 567 Pa. 111, 785 A.2d 983 (2001).

In *Gleason,* the defendant crossed the fog line six to eight inches on two occasions for a couple seconds over a quarter mile distance. The court held that these circumstances coupled with the early morning hours when no other traffic was on the road did not justify a stop, and that more sufficient probable cause was required.

Our courts recognize that while the Commonwealth has an interest in enforcing rules designed to maintain

safety on our roads, an individual does not lose all reasonable expectation of privacy when he takes to the highway in a vehicle. A police officer must have specific facts justifying the intrusion. *Commonwealth v. Gleason,* 567 Pa. 111, 785 A.2d 983 (2001).

The specific facts articulated by Officer Koprivnak in the present case are that defendant crossed the fog line on two occasions and then crossed over the fog line completely so that the driver side tires touched the fog line and the vehicle itself was on the berm.

In *Gleason,* the court found that, "[g]iven the early morning hour, the fact that there was no other traffic on the roadway and the rather momentary nature of defendant's vehicle crossing the fog line . . . , the officer erred in believing he had justification to stop defendant's vehicle." *Gleason,* 567 Pa. at 116, 785 A.2d at 985-86.

Upon consideration of the relevant case law, the court notes a certain common denominator present in the cases where the courts refuse to justify a stop under the Motor Vehicle Code. That is to say that a stop is not justified when the driving infraction is "momentary and minor." See *Commonwealth v. Gleason, supra* (held an officer's observation, over a distance of 1/4 mile, of a vehicle crossing fog line by six to eight inches on two or three occasions for a period of a second or two is not probable cause); *Commonwealth v. Whitmyer,* 542 Pa. 545, 668 A.2d 1113 (1995) (Erratic lane change and speed estimated at 70 mph for 2/10 of a mile did not give officer probable cause to conclude defendant was traveling at an unsafe speed and to make a traffic stop); *Commonwealth v. Battaglia,* 802 A.2d 652 (Pa. Super. 2002), *ap-*

*peal denied,* 576 Pa. 718, 841 A.2d 528 (2003) (held weaving within own lane is insufficient to stop vehicle); *Commonwealth v. Garcia,* 859 A.2d 820 (Pa. Super. 2004) (observation of driver touch berm line of road two times in response to another car coming toward driver over a two-block distance within very short time period is not probable cause).

In other words, de minimis driving infractions such as crossing the fog line for several seconds or momentary weaving is not enough.

In contrast, however, the courts have found that more serious driving infractions were sufficient to find probable cause. See *Commonwealth v. Slonaker,* 795 A.2d 397 (Pa. Super. 2002) (continuous weaving for five miles, accelerating and decelerating at night, going outside lane of travel on three occasions was sufficient in finding probable cause); *Commonwealth v. Cook,* 865 A.2d 869 (Pa. Super. 2004) (observation of driver crossing fog line three times to such an extent that half of the vehicle was on the berm and then rapidly jerked back into his lane of travel sufficiently gave the trooper probable cause to believe that defendant moved his car from his lane of travel in an unsafe manner in violation of section 3309(1)).

In the present case, defendant was stopped for a violation of section 3309(1) which states only that a vehicle "shall be driven as *nearly as practicable* entirely within a single lane and shall not be moved from the lane *until the driver has first ascertained that the movement can be made with safety.*" 75 Pa.C.S. §3309(1). (emphasis added)

The standard as set forth by *Gleason* in determining whether a violation has occurred requires the officer "to articulate specific facts possessed by him, at the time of the questioned stop, *which would provide probable cause to believe that the driver or the vehicle was in violation of some provision of the Code.*" *Gleason,* 567 Pa. at 122, 785 A.2d at 989. (emphasis in original)

As we have already suggested, prior case law has demonstrated that de minimis driving infractions such as crossing a fog line and momentary weaving do not provide probable cause that section 3309 was violated.

"[W]e are mindful that '[p]robable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference.' " *Cook,* 865 A.2d at 875 (citing *Commonwealth v. Lindblom,* 854 A.2d 604, 607 (Pa. Super. 2004)).

Keeping in mind that erratic driving is not a per se violation of the Vehicle Code, the court must determine whether the facts articulated by Officer Koprivnak sufficiently established probable cause that defendant did not first ascertain that it was safe before moving his vehicle from his lane.

At the preliminary hearing, Officer Koprivnak testified that the defendant's passenger side wheels touched the fog line twice and the driver side wheels touched the fog line once so that the body of the vehicle was actually on the berm. (Prelim. hr'g. tr. at pp. 4, 7-10.) The berm was paved and had no rumble strips. (Prelim. hr'g. at p. 9.) This traveling on the berm occurred directly in front of a Citgo station that had two entrances/exits. Officer Koprivnak lastly stated that other than the three occasions where defendant left his lane, there were no other Vehicle Code violations observed. (Prelim. hr'g. at p. 10.)

Upon examining the totality of the circumstances and bearing in mind that the Commonwealth has the burden of proving the stop was lawful, the court is constrained to conclude that the stop was not lawful. The record is devoid of a detailed description of how defendant's vehicle traveled onto the berm near the Citgo station.

The absence from the record of evidence concerning use of a turn signal, speed of vehicle at the time, acceleration or deceleration of the vehicle, and the absence of other evidence of purposefulness, or lack thereof, renders impossible any conclusion that there existed probable cause to believe that defendant had violated section 3309(1) of the Motor Vehicle Code.

## CONCLUSION

For these reasons, the court finds that the Commonwealth failed to meet its burden of proof. Therefore, defendant's motion to suppress is granted.

An appropriate order will be entered.

## ORDER

And now, to-wit March 23, 2005, defendant, Samuel Ray Turney, having filed an omnibus pretrial motion in the form of a motion to suppress/motion to dismiss, for the reasons set forth in the foregoing opinion, it is ordered, adjudged, and decreed that the defendant's motion to suppress be granted, and all evidence obtained as a result of the stop be suppressed for use at trial.