J-A07002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DEAN EUGENE SEAL | : | No. 1618 MDA 2017 |

Appeal from the Order Entered September 18, 2017
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0001542-2016

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 11, 2018**

The Commonwealth appeals from the order of the trial court granting the motion filed by Appellee, Dean Eugene Seal, seeking to suppress all evidence obtained as a result of his vehicle stop. We reverse.

The history of this case is as follows. On February 6, 2017, a Criminal Information was filed against Seal charging him with multiple counts of Driving Under Influence of Alcohol or Controlled Substance, 75 Pa.C.S.A. §§ 3802(a)(1), (d)(1)(i) & (iii), (d)(2) & (d)(3), Possession of a Small Amount of Marijuana, 35 P.S. § 780-113(a)(31)(i), Possession of Drug Paraphernalia, 35 P.S. § 780-113(a)(32), and two summary offenses.  On May 3, 2017, Seal filed a motion to suppress the evidence obtained during the stop of his vehicle on October 23, 2016, alleging that the stop "was illegal and in violation of the Fourth and Fourteenth Amendments of the United States Constitution and

_____

\* Former Justice specially assigned to the Superior Court.

Article I, Section 8 of the Pennsylvania Constitution since Defendant had not in fact committed traffic violations." Motion to Suppress, 5-4-17 at 1-2. Seal further contended that the observations of the interior of his vehicle and the subsequent blood test results were all "fruits of a wrongful stop . . . ." *Id*.

A hearing on the suppression motion was held on August 24, 2017. Police Officer Shannon Hilliard, of the Gettysburg Borough Police Department, was the only witness. Officer Hilliard testified that on October 23, 2016, at approximately 1:30 AM, he was on patrol in Lincoln Square when he noticed a vehicle travelling southbound onto Baltimore Street. Hearing, 8-24-17 at 4-5. The vehicle began to drift to the left, and eventually the driver's side tires were both over the double yellow lines for the duration of the block from East Middle Street up to High Street. It was a full block, approximately 500 to 600 feet. *Id*. at 5, 8-9. The tires were at least one foot crossing over the double lines. *Id*. at 8. There were no impediments on the road which would have required the car to cross the double lines. *Id*. The car did not attempt to make a left-hand turn but rather continued southbound. *Id*. Officer Hilliard stopped the vehicle based upon the crossing of the double yellow lines. *Id*. at 7. In time, Seal submitted to blood tests.

In an opinion and order dated September 18, 2017, the suppression court granted Seal's motion to suppress. The Commonwealth initiated this appeal on October 16, 2017, noting that under Pa.R.A.P. 311(d), the suppression of the blood test results terminates or substantially handicaps the

prosecution. Both the Commonwealth and the trial court have complied with Pa.R.A.P.1925.

The Commonwealth presents the following issue for our review:

> Did the Honorable Suppression Court err in ruling that the arresting officer lacked probable cause to effectuate a traffic stop of Appellee's vehicle pursuant to 75 Pa.C.S.§ 3301, which resulted in the suppression of evidence obtained following the traffic stop?

Commonwealth's Brief at 6.

We have stated the following with regard to our standard and scope of review in an order granting a defendant's motion to suppress evidence:

> [W]e are bound by that court's factual findings to the extent that they are supported by the record, and we consider only the evidence offered by the defendant, as well as any portion of the Commonwealth's evidence which remains uncontradicted, when read in the context of the entire record. Our review of the legal conclusions which have been drawn from such evidence, however, is *de novo,* and, consequently, we are not bound by the legal conclusions of the lower courts.

***Commonwealth v. Busser****,* 56 A.3d 419, 421 (Pa. Super. 2012) (quoting ***Commonwealth v. Wallace****,* 42 A.3d 1040, 1048 (Pa. 2012)). Because there are no variances in the factual record, created entirely from the testimony of Officer Hilliard, we will confine our analysis to the trial court's legal conclusions.

The Motor Vehicle Code provides the authorization for a police officer to stop a motor vehicle:

> Whenever a police officer ... has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle

- 3 -

> identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b). However, this Court has explained the following, consistent with our Supreme Court's clarification of constitutional principles under the Fourth Amendment and the Pennsylvania Constitution:

> Traffic stops based on a reasonable suspicion: either of criminal activity or a violation of the Motor Vehicle Code under the authority of Section 6308(b) must serve a stated investigatory purpose. [**Commonwealth v. Chase**]*,* 960 A.2d at 116. In effect, the language of Section 6308(b)—"to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title"—is conceptually equivalent with the underlying purpose of a **Terry** stop. **Id***.* (quoting 75 Pa.C.S.A. § 6308(b)).
>
> Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation. In such an instance, "it is [incumbent] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, *which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code.*" [**Commonwealth v. Gleason**]*,* 785 A.2d at 989 (citation omitted). **See also Chase***,* 960 A.2d at 116 (reaffirming *Gleason's* probable cause standard for non-investigative detentions of suspected Vehicle Code violations).

**Commonwealth v. Feczko**, 10 A.3d 1285, 1290–91 (Pa. Super. 2010) (emphasis in original). Therefore, there are two types of traffic stops, with different standards of review applicable to each. In **Commonwealth v. Salter**, 121 A.3d 987 (Pa. Super. 2015), we addressed the two kinds of traffic stops under Pennsylvania law and the different constitutional burdens for each:

Accordingly, when considering whether reasonable suspicion or probable cause is required constitutionally to make a vehicle stop, the nature of the violation has to be considered. If it is not necessary to stop the vehicle to establish that a violation of the Vehicle Code has occurred, an officer must possess probable cause to stop the vehicle. Where a violation is suspected, but a stop is necessary to further investigate whether a violation has occurred, an officer need only possess reasonable suspicion to make the stop. Illustrative of these two standards are stops for speeding and DUI. If a vehicle is stopped for speeding, the officer must possess probable cause to stop the vehicle. This is so because when a vehicle is stopped, nothing more can be determined as to the speed of the vehicle when it was observed while traveling upon a highway. On the other hand, if an officer possesses sufficient knowledge based upon behavior suggestive of DUI, the officer may stop the vehicle upon reasonable suspicion of a Vehicle Code violation, since a stop would provide the officer the needed opportunity to investigate further if the driver was operating under the influence of alcohol or a controlled substance.

*Salter*, 121 A.3d at 993. In this case, the Commonwealth does not dispute that the stop served no investigatory purpose, and therefore the stop is valid only if Officer Hilliard had probable cause.

With these guiding principles and examples in mind, we now turn to the examination of the Vehicle Code violation subject of this appeal. Officer Hilliard testified that the basis for the traffic stop was because Seal had drifted left of the double yellow line for one entire block. The vehicle's driver's side tires were both approximately one foot over the double yellow line for that distance. These observations gave rise to a suspected violation of the Motor Vehicle Code provision requiring that vehicles drive on the right side of the roadway. *See* 75 Pa.C.S.A. § 3301(a). None of the exceptions listed in subsection (a) were present that night.

Based on the record of the suppression hearing, we conclude Officer Hilliard was able to articulate specific facts possessed by him, at the time of the questioned stop, which provided probable cause to believe that Seal was in violation of Section 3301(a). Officer Hilliard testified to his personal observation of Seal's vehicle, both front and back tires, veering across the centerline. This testimony was uncontradicted. Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the relevant time, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. "The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a probability, and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test." **Commonwealth v. Thompson**, 985 A.2d 928, 931 (Pa. 2009) (internal quotation marks and citations omitted).

Seal argues that a "slight deviation over the double yellow line" is momentary and minor, and is therefore insufficient to create the probable cause necessary to support his vehicle stop. Seal's Brief at 3. As stated above, where a vehicle stop has no investigatory purpose, the police officer must have probable cause to support it. **Feczko**, 10 A.3d at 1291. Here, Officer Hilliard stopped Seal for driving over the centerline, in violation of § 3301. He did not stop Seal for suspected DUI.

Additionally, Seal contends, based on *Commonwealth v. Gleason,* 785 A.2d 983 (Pa. 2001), that Officer Hilliard did not articulate facts sufficient to create probable cause because our Court has consistently applied a "momentary and minor" analysis to these types of cases. However, the Supreme Court in *Gleason* had before it an alleged violation of 75 Pa.C.S.A. § 3309(1)*,* not section 3301(a). In *Gleason*, a police officer observed the defendant's vehicle cross six to eight inches over the fog line two times over the span of a quarter mile. *Id.* at 985. The officer stopped the defendant's vehicle for failing to drive within a single lane, in violation of section 3309(1) of the Vehicle Code. That section provides that "(a) vehicle shall be driven **as nearly as practicable** entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made safely." 75 Pa.C.S.A. § 3309(1) (emphasis added). Subsequent to the vehicle stop, and similar to the instant case, the police officer observed that the defendant was intoxicated, and that he was in possession of drugs and drug paraphernalia. *Gleason,* 785 A.2d at 985. The defendant argued that the stop was unlawful and that the trial court erred in refusing to suppress the evidence the police officer gathered. *Id.* The *Gleason* Court concluded that the vehicle stop was not supported by probable cause because no evidence established that the defendant's driving "created a safety hazard." *Id.* at 989. The *Gleason* Court had before it the former version of 75 Pa.C.S.A. § 6308(b) which required a law enforcement officer to have "articulable and reasonable

grounds to suspect a violation of the (Vehicle Code)" had occurred to effectuate a vehicle stop. **See Commonwealth v. Holmes**, 14 A.3d 89, 94 n. 12 (Pa. 2011).

Seal and the trial court also rely on **Commonwealth v. Garcia**, 859 A.2d 820 (Pa.Super.2004). In **Garcia**, a police officer observed the defendant's vehicle momentarily drive over the right berm line two times over the span of two blocks. **Id**. at 821–22. On both occasions, the defendant's car veered slightly right in response to an oncoming vehicle traveling in the opposite direction. **Id**. In executing the vehicle stop, the police officer noticed that the defendant had glassy eyes and smelled of alcohol. **Id**. at 822. Again, the defendant was charged with driving under the influence following the stop. On appeal, the defendant argued that the police officer lacked probable cause in support of the vehicle stop. **Id**. This Court held that the trial court erred in denying the defendant's motion to suppress, as his violations were only "momentary and minor." **Id**. at 823.

Based upon **Gleason** and **Garcia**, Seal makes similar contentions that his Vehicle Code violation was momentary and minor and thus, cannot support a finding of probable cause to support the stop. We disagree based upon the sound analysis explained in **Commonwealth v. Enick**, 70 A.3d 843 (Pa. Super. 2013):

> First, . . . § 3309(1) of the Vehicle Code requires motorists to maintain a single lane "as nearly as practicable." 75 Pa.C.S.A. § 3309(1). Thus, the statutory language does not foreclose minor deviations. In comparison, § 3301 provides that "a vehicle shall

be driven on the right half of the roadway" subject to exceptions that are not implicated in this case. 75 Pa.C.S.A. § 3301(a). The record plainly indicates that Enick violated § 3301 in this case. Since the language of § 3301 does not include language allowing for unspecified deviations from the rule, we need not analyze whether she complied with § 3301 "as nearly as practicable." *See **Commonwealth v. Chernosky**,* 874 A.2d 123, 128 (Pa. Super. 2005) (*en banc* ) (noting that the defendant violated § 3301(a) by crossing the double yellow line where none of the statutory exceptions applied).

***Enick***, 70 A.3d at 847 (footnote omitted).

Furthermore, the record before us does not evidence a minor violation of § 3301. Both tires on the driver's side of Seal's vehicle crossed the double lines to the left, for an entire block, all within the view of Officer Hilliard.

Based on the foregoing reasons, we find that the traffic stop of Seal's Appellant's vehicle was legal. Accordingly, we conclude that the trial court erred when it granted the Motion to Suppress.

Order of September 18, 2017 reversed. Case remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2018

- 9 -